An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-784

Filed 17 September 2025

Wake County, No. 23CR372306-910

STATE OF NORTH CAROLINA

v.

DWIGHT LEE MCLEOD, Defendant.

Appeal by defendant from judgment entered 25 March 2024 by Judge G. Bryan Collins in Wake County Superior Court. Heard in the Court of Appeals 6 August 2025.

> *Attorney General Jeff N. Jackson, by Assistant Attorney General William L. Flowers III, for the State.*
>
> *Cooper Strickland, for defendant-appellant.*

PER CURIAM.

Defendant Dwight Lee McLeod appeals from the trial court's judgment revoking his probation. On appeal, Defendant argues the trial court erred because the State did not prove Defendant willfully absconded from supervision. After careful review, we conclude the trial court did not err because Defendant was on notice, and the State presented sufficient evidence that Defendant willfully absconded.

## I. <u>Factual and Procedural Background</u>

On 30 July 2023, Defendant was arrested for felony possession of a controlled substance, an open container violation, driving while his license was revoked for an impaired offense, and impeding traffic by slow speed. On 12 September 2023, Defendant pled guilty to the charges of possession of a controlled substance and driving with a revoked license, in exchange for having the other charges dismissed. The trial court sentenced Defendant to nine to twenty months' imprisonment, with a suspended supervised probationary sentence of twenty-four months. All regular conditions of probation applied to Defendant, as well as special conditions providing that he obtain a substance abuse assessment and pay all fees associated with jail time and supervision.

On 20 November 2023, Defendant's probation officer, Officer Cori-Jane Shelton, filed a probation violation report ("First Report"), alleging that during his probation period, Defendant: failed to arrive at his probation appointments ("Violation 1"), failed to pay fees to the trial court ("Violations 2 and 3"), failed to make his probation officer aware of changes in addresses ("Violation 4"), failed to obtain a substance abuse assessment ("Violation 5"), and failed to remain in contact with his supervising officer ("Violation 6"). Violation 4 specifically provided that Defendant had made himself "unavailable for supervision" and was "thereby absconding supervision."

Prior to a hearing on these violations, Defendant was arrested on 3 January 2024 for felony possession of cocaine and possession of drug paraphernalia. On 23 January 2024, Defendant pled guilty to possession of drug paraphernalia in exchange for having the felony possession of cocaine charge dropped. On 25 January 2024, Officer Shelton filed a second probation violation report ("Second Report") against Defendant, pursuant to N.C.G.S. § 15A-1343(b)(1), providing that Defendant committed a new crime, the misdemeanor possession of drug paraphernalia, while on probation.

On 25 March 2024, the matter came on for hearing. Officer Shelton testified that Defendant came to his intake appointment after his initial conviction but did not appear for his next scheduled appointment on 3 November 2023. Officer Shelton tried on three occasions to contact Defendant at the address he provided, but another occupant informed her that Defendant no longer lived there. Officer Shelton further testified that Defendant communicated with her via text message to schedule an appointment for 30 November 2023, which he also missed.

At the end of the hearing, the trial court revoked Defendant's probation for Violations 1 and 4–6 from the First Report, and for committing a new crime as provided in the Second Report. Although the trial court indicated on the judgment sheet that it was revoking Defendant's probation "for the willful violation of the condition(s) that he/she not commit any criminal offense . . . or abscond from supervision[,]" it did not select the box providing that "[e]ach of the conditions

violated as set forth above is valid; the defendant violated each condition willfully and without valid excuse; and each violation occurred at time prior to the expiration or termination of the period of the defendant's probation." Defendant timely appealed.

## II. **Jurisdiction**

This Court has jurisdiction to hear this appeal from a final judgment from a superior court, pursuant to N.C.G.S. §§ 7A-27 and 15A-1347(a) (2023).

## III. **Analysis**

Defendant argues the trial court erred in revoking Defendant's probation on both allegations—committing a new crime and absconding—"when the State did not notice an absconding violation or present sufficient evidence to support a finding that [Defendant] willfully absconded." Defendant claims "the [R]ecord in this case does not provide this Court with a basis to determine whether the trial court would have revoked [Defendant's] probation *solely* on the basis of his admission to a new criminal offense, absent its finding that he also absconded." We disagree.

This Court reviews a "trial court's decision to revoke a defendant's term of probation" for abuse of discretion. *State v. Crompton*, 380 N.C. 220, 224 (2022) (citations omitted). "Alleged violations of probationary conditions need not be proven beyond a reasonable doubt[;] rather, the evidence need only be sufficient to reasonably satisfy the judge in the exercise of his sound discretion that a valid condition of the suspended sentence has been violated." *State v. Sherrod*, 191 N.C.

App. 776, 778 (2008). "Probation will only be revoked if the State satisfies its burden of proof to show that [the] defendant either willfully violated a term of probation or violated a condition without lawful excuse." *Id.* at 778.

Our statutes provide that "[t]he [trial] court may only revoke probation for a violation of a condition of probation under [N.C.]G.S. [§] 15A-1343(b)(1) [(2023)] *or* [N.C.]G.S. [§] 15A-1343(b)(3a)." N.C.G.S. § 15A-1344(a) (2023) (emphasis added). A trial court may therefore only revoke probation if a defendant commits any "criminal offense in any jurisdiction[,]" *see* N.C.G.S. § 15A-1343(b)(1), *or* absconds "by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the probation officer[,]" *see* N.C.G.S. § 15A-1343(b)(3a).

Pursuant to N.C.G.S. § 15A-1345, "[t]he State must give the probationer notice of the hearing and its purpose, including a *statement of the violations* alleged." *See* N.C.G.S. § 15A-1345(e) (2023) (emphasis added). Our North Carolina Supreme Court has explained that "a statement of the violations" refers to "a statement of what a probationer *did* to violate his conditions of probation" and "does not require a statement of the underlying conditions that were violated." *Crompton*, 380 N.C. at 226 (citation omitted). Instead, the Court explained that N.C.G.S. § 15A-1345(e) "requires only a statement of the actions that violated the conditions, not of the conditions that those actions violated." *Id.* at 226 (holding the defendant was put on notice of his absconding violation where the probation violation report alleged the defendant "(1) failed to report to the office as directed by his supervising officer, (2)

failed to return his supervising officer's telephone calls, (3) failed to provide a certifiable address, and (4) generally failed to make himself available for supervision as directed by his officer").

Here, the First Report alleged that Defendant had made himself "unavailable for supervision" and was "thereby absconding supervision"; thus, Defendant was on notice of his absconding violation. *See* N.C.G.S. § 15A-1345(e); *Crompton*, 380 N.C. at 226. Additionally, there is sufficient evidence to "reasonably satisfy the judge in the exercise of his sound discretion" that Defendant willfully, or without lawful justification, absconded by missing his appointments with Officer Shelton from her offered testimony. *See Sherrod*, 191 N.C. App. at 776. Accordingly, the trial court did not abuse its discretion in revoking Defendant's probation for committing a new crime and willfully absconding, where Defendant was on notice of absconding, and the State presented sufficient evidence that Defendant willfully absconded. *See Crompton*, 380 N.C. at 224.

## IV. <u>Conclusion</u>

Upon careful review, we conclude the trial court did not err by revoking Defendant's probation because Defendant was on notice, and the State presented sufficient evidence that Defendant willfully absconded.

NO ERROR.

Panel Consisting of Judges STROUD, WOOD, and FLOOD.

Report per Rule 30(e).